Good morning, your honors. May it please the court. Jeff Brandt for Charmar Brown, defendant appellate counsel. Mr. Brown submitted four substantive arguments that we get to this morning only if we get past the threshold question. The threshold question being whether he can raise these challenges to his sentence and raise a conflict of interest argument in light of the district court's imposition of a new sentence that reduced one of his counts from life to 40 years. If so, the question becomes which one of these substance arguments are all one, two, three. The district court's act of entering a new and different sentence and an amended judgment created for Mr. Brown the opportunity to raise these challenges because this was a change to the sentence that was a change in a restitution order. It was a substantive change correcting an unconstitutional sentence to a constitutional one. Our big source is the Magwood case out of the Supreme Court. The government's brief says why is Mr. Brown spending eight pages on second or success of 2255? It's not what we're doing. We're showing the court the progression up to Magwood and how courts of appeals have applied Magwood to this circumstance. Magwood's about a 2254. This isn't. This isn't even a 2255. It's a direct appeal, but this court's Diab case cited that favorably and the case it cited was out of the Sixth Circuit. Magwood to this exact circumstance. It says, look, when you have a new sentence that makes a substantive change, you are making errors anew. When you're making errors anew, you're allowed to raise those on appeal. What's the substantive change? You agree you've got to show that, right? Correct. What's the substance change? The changing of count six from a life sentence to a 40-year sentence. Correcting that unconstitutional sentence that was beyond the statutory maximum that was with the district court's original sentence and then after this court's remand to vacate count seven, it was reimposed after the resentencing hearing. The Diab court says, look, not every new sentencing order allows you to make every argument. There is. That makes sense. What did the district court mention? 3582. We all know 3582 is a very limited resentencing based upon an amendment to the guidelines and whether that amendment changes the guideline range in this case. The court also mentioned Rule 36, a pure clerical error. That's not what we have here. The district court judge here in the second amended order checked Rule 35A. 35A only allows the district court to make a change 14 days after the original sentence. That's not possible. That could not have happened here. It's more akin to a regular remand. I thought you could correct arithmetic, technical, and other clear error under 35 at any time. If it were a pure ... I mean, if typographical error means a distinction ... It says other clear error. I get your argument about the words before it, but arithmetic, technical, or other clear error ... But didn't the original sentencing judge at the time of sentencing actually say a term of years rather than, and doesn't our case law render that a mere clerical error at that point? If the judge says that I impose 480 months, and then you get to sentencing, and that's what you say at sentencing, the judge says 480, then the judgment's reduced to writing. Oral controls the writing under our precedent. That makes that a clerical error. Rule 35 always allows you to fix clerical errors. You're right, it's an unconstitutional sentence. You're right, it's an illegal sentence on the judgment papers, but the sentence the judge imposed was an entirely lawful sentence orally, and doesn't that control, and isn't this just a clerical error, and if that's the case, doesn't the whole house of cards collapse? If it were the case, it would, but ... Then why isn't it? Your Honor, the cases that talk about clerical errors are talking about ... to my reading, are not talking about when a defendant's actually serving out the incorrect sentence. There are so many clerical errors we see in district court judgments that, I do not contest Judge Erickson, don't materially change the sentence that the defendant's actually serving. They might change something ... Well, this isn't going to change anything, the sentence that the defendant's actually serving, because he's already serving life concurrently, right? I mean, so it doesn't add one day to the sentence, it doesn't add one day of additional risk, and the judge said 480 months, and then for reasons ... and you know how this happens. A deputy courtroom clerk or a law clerk prepares the judgment, it's on a stack of 480 things, the judge is supposed to review it carefully, the judge looks at the sentence, it's life, it is life, and it's sort of in the middle of it, is this unconstitutional, illegal, really transcription error. Isn't that what it is? That happens. Yeah. And why does that, you know, why does that give you another bite at the apple decades or years later? I would say the big answer is because the Magwood case, the smaller answer is because, yeah, there are cases where somebody's doing concurrent sentences, but in the federal prison system, this matters. One life sentence is different than two life sentences. How they're treated, where they're put, he wouldn't, you know, whether in Manchester or whether you're in Big Sandy or whether in Florence, Colorado, matters based upon how many life sentences you have. That's my best argument on how it's material to Mr. Brown. You know, assuming we get through this threshold based upon Magwood, Mr. Brown would love to see a following Diab to see what is the case law now following Magwood, because a lot of the cases both sides cite are questionable after Magwood. Do they apply? How does this work? We hope this is a case that gets past that threshold to reach that question. When it comes to the other arguments, I'll just go ahead and say, you know, the arguments I'm making that rely on calling the original remand a general remand depend on whether this court is going to say, was that a general remand? We've got two arguments that depend on that, but two don't. Two are about sentencing that would apply regardless of whether it's a general remand, including the conflict of interest. I'd be happy to either answer questions about them. Look, let's be frank. It's all about that first argument, and I'm not going to waste the court's time talking seven minutes about those other arguments where the court knows where my strong ones are and where my weak ones are, including one that I have to go to the Supreme Court to win. I would just sit and reserve time. Okay, so let's see if there are questions. Questions? Seeing no questions, thank you for your candor. Thank you. And you will have rebuttal, too, you know. Mr. Kanger? Good morning, Your Honors. May it please the court. I submit this case can be resolved by the very questions you were asking Defense Counsel. Whether or not your order to the District Court to amend its error amounted to a resentencing or a remand, this court specifically denied the defendant's, Mr. Brown's, request for a remand for resentencing. In that same order, this court directed the District Court to correct the error that was pronounced in the sentencing order. I submit to this court that there was no substantial change to the defendant's sentence. The judge, on the record during sentencing, pronounced a count six, which the defendant was found guilty of. Somewhere along that line, the order was issued and it said a life sentence, which again was going to run concurrent to another life sentence on count one. As the court already pointed out, this did not substantially change the time that the defendant was looking at. He was still going to do a life sentence, regardless of what the sentence was on count six. Therefore, I submit that the situation is more analogous to a clerical error, which Rule 36 of the Federal Rules of Criminal Procedure permits a court to correct at any time. That's what the District Court did after this court issued your order. Furthermore, even if you were to assume that there was a remand and that the defendant did have the opportunity to be resentenced, he can't bring up new arguments during that resentencing. I submit that it wasn't a resentencing, but for the sake of argument, if you were to find it was a resentencing, he can't bring up issues that previously had not been litigated as at his initial appeal. Almost all of the arguments that he previously raised at the initial appeal, with the exception of the conflict of interest. I submit that there is no conflict of interest in the argument raised by the defendant, based on the fact that the attorney involved did at one time represent a material witness who was a witness against the defendant. However, the record shows that her representation of that client was that appointment was at the request of Mr. Brown's attorney at the time. Again, if you review the case law... Just a second on the conflict. If you've represented a party on a material matter and that material matter is relevant to a subsequent prosecution, and that's here, the case, right? This is a representative material witness who had knowledge of information that was relevant to this particular case. That's all true, right? As far as we can tell. Correct. From the record, I wasn't a party to the original trial. That's a conflict. That conflict exists unless or until waived. Your subsequent lawyer can't waive the conflict for you, right? Because a conflict of interest is personal to the client, right? The client may waive it, not the lawyer. Agreed. And so you can't seriously be standing here telling me, except for the conflict, there's no conflict. Can you? I mean, and if so, what's the... how does that logically fit together? That issue is not before the court today because the defendant hasn't met the bar to demonstrate that he's allowed to But what I didn't get was when you got to the end when you said there is no conflict here because the representation had terminated. Mere termination of representation is not the test. The test is, in fact, knowledge of facts and circumstances that may be used adversely to your client at some point. Either way, right? And you've got... and this particular conflict would have had to been waived both by the witness and by the defendant with full knowledge, right? Correct. And I don't know what transpired prior to the appointment of defense counsel. I'm sorry, I'm beating you up on something that's really not the issue. You may move on. We may be litigating this issue at a later time during the subsequent 2255 motion, but that would be the proper vehicle to bring the defendant's current arguments. But as the court is well aware of the history in this case, the defendant has previously filed four 2255 motions. All of them were denied by this court for various reasons. I submit the defendant is attempting to re-litigate many of those issues by stating just the fact that a Second Amendment judgment was issued gives him that right to re-litigate all these issues. The case law is clear, it does not. The Magwa decision as well as the Diab decision, both of those cases dealt with what is considered a consecutive 2255 motion and what is allowable to be filed after a successful 2255 motion. This is not the case. But if there's an intervening judgment, you understand that could revive things. For a 2255 motion, correct. For sure, right? Correct. But again, we're not here on a 2255 motion and I submit, we'll save that argument for a later day. Again, the case law is outlined in my briefs. What is allowable after resentencing, specifically if it's a limited remand resentencing, which to, you know, arguably this case when it issued the order to the district court to correct the error, at most that's a, it'd be gracious to let a limited remand. The judge was told to do one thing, correct the sentence, that's what she did. Does not allow the defendant to open up old arguments or bring new arguments to this court. And finally, I would just finish with words by Judge By, issued in a civil case where he was the only author, but the words jumped out at me. For over a hundred years, our court has repeatedly barred parties from litigating issues in a second appeal following remand that could have been presented in the first appeal. Those words were issued in the civil case, Machia Transport Company versus Philadelphia Identity Insurance Company, a circuit 2013 case. What the defendant is trying to do here is relitigate issues that he's quite clearly barred from raising. And I thank you for your argument. Rebuttal. Your Honors, the government's counsel talked about Rule 36, but if we look to the first page of the addendum of my opening brief, the district court didn't use Rule 36. It ruled, it used Rule 35A. I would say that there is a conflict this is a conflict of interest where the attorney represented someone that testified against Mr. Brown, who is her new client. She's listed as a defendant, she's listed as a co-defendant, and a material witness. There is a conflict. A lot of the case law that the government relies upon and talks about, and even quotes, precedes Magwood. And we're looking for this court's direction on what things mean after Magwood, whether these are viable. And finally, objectively, these were not, we can call them four 2255 motions. There was a 2255 motion with counsel, something that looked like a reconsideration 6dB, a pro se, who knows what that was that wasn't labeled 2255. Just objectively, there's been two 2255 motions here. Thank you, Your Honors. Thank you, counsel, for the argument. Case 17-3645 is submitted for decision.